In re SIMMONS et al., Board of Water Supply of New York.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. EMINENT DOMAIN (§ 262*)—COMPENSATION—REVIEW.

The appellate court will not interfere with the report of commissioners of appraisal in condemnation proceedings because of inadequacy or excessiveness of the compensation awarded, unless the amount is so great or so small as to be palpably unjust.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

2. EMINENT DOMAIN (§ 262*)—COMPENSATION—REVIEW.

The appellate court will not set aside the report of commissioners of appraisal for mere errors in rulings on evidence, and to justify the reversal of an award for error of law it must appear that the commissioners adopted an erroneous principle in estimating compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EMINENT DOMAIN (§ 234*)—AWARD OF COMPENSATION—REPORT OF COMMIS-
SIONERS OF APPRAISAL.

    Where, in proceedings under Laws 1905, c. 724, and the amendatory act,
for the acquisition of land by the city of New York for a water supply,
the evidence before the commissioners of appraisal and their report showed
that the ownership of a tract of land was at the time of the taking subject
to a grant to a telephone company for a right of way, the report of the com-
missioners fixing the compensation for the tract, subject to the easement
of the telephone company of undetermined value, was defective for failing
to contain a statement of the sum determined on as compensation to be
made to the owner, as required by section 13 of the act, and the award
must be set aside and the matter remitted for determination after amount
to be paid to the owner.

    [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 234.*]

Appeal from Special Term, Ulster County.

Application by J. Edward Simmons and others, constituting the
Board of Water Supply of the City of New York, to acquire real
estate for the city under Laws 1905, c. 724, and the act amendatory
thereof, for the purpose of providing an additional supply of water for
the use of the city. From so much of an order as confirms the sep-
arate report of the commissioners of appraisal, so far as such report
affects a specified parcel, Jacob Mayer, the owner thereof, appeals.
Reversed, and award of commissioners set aside, and matter remitted
to the commissioners.

See, also, 133 App. Div. 935, 118 N. Y. Supp. 1142.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

Jerome H. Buch, for appellant.
John J. Linson, for respondent.

SEWELL, J. It is well settled in this state that an appellate court
will not interfere with the reports of commissioners of appraisal in
condemnation proceedings for inadequacy, or because excessive, unless
the amount awarded is so great, or so small, as to be palpably unjust.
Nor will it be set aside for mere errors in the receipt or exclusion of
evidence. To justify the reversal of an award for error of law, it
must be made to appear that the commissioners adopted an erroneous
principle in estimating compensation. Matter of Daly v. Smith, 18
App. Div. 196, 45 N. Y. Supp. 785; Harlem River & Portchester R. R.
Co. v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199.

After a careful examination of the evidence in this proceeding we
are not convinced that the commissioners adopted an erroneous prin-
ciple of valuation, or that injustice has been done the claimant. We
think, however, that the report of the commissioners of appraisal is
erroneous, in that it does not contain a statement of the sum estimated
and determined upon as just and equitable compensation to be made
by the city to the owner, as required by section 13 of the act (Laws
1905, c. 724) under which the land was taken. The evidence before
the commissioners shows, and their report states, that the ownership
of the land, at the time it was taken, was in the appellant, subject to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grant to the Citizens' Standard Telephone Company of a right of way for a telephone line over said premises, and that:

"The amount ascertained and determined by us as aforesaid to be paid to the owners thereof and the persons interested in said land for the acquisition of the fee of the premises designated on said map as parcel No. 54, and for all damages sustained or which may be sustained by them by reason of the acquisition, use, and occupation of said fee for the purposes indicated in said act, is the sum of two thousand eight hundred dollars ($2,800), as follows: Jacob Mayer, owner, twenty-six hundred dollars ($2,600) subject to easement of the Citizens' Standard Telephone Company of undetermined value; Winn & Van Steenburgh, the owners of the growing timber standing on said premises, two hundred dollars ($200)."

It is apparent that the effect of this award is to compel the appellant to await the determination of the compensation to be made to the Telephone Company. It does not estimate and award the damages to which the appellant is entitled, and therefore it does not comply with the law.

It necessarily follows that the order appealed from, in so far as the same relates to the amount awarded for parcel No. 54, should be reversed, and the report or award of the commissioners set aside, and the matter remitted to the commissioners for a determination of the amount to which the appellant is entitled, with $10 costs and disbursements to the appellant. All concur.

---

SNYDER v. MACKEY.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. MASTER AND SERVANT (§ 332*)—LIABILITIES FOR INJURIES TO THIRD PERSONS—PUNITIVE DAMAGES—INSTRUCTIONS.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 332.*]

2. TRIAL (§ 207*)—RECEPTION OF EVIDENCE—RESTRICTION TO SPECIAL PURPOSE—SUFFICIENCY.

